SMITH (UNITED STATES v.). See Cases Nos. 16,318–16,346.

## Case No. 13,123.

### SMITH v. The UTICA.

[4 Betts, D. C. MS. 41.]

District Court, S. D. New York. Feb. 16, 1844.

SEAMEN—WAGES—FORFEITURE—FAILURE TO REPORT ON BOARD—COMPETENCY OF WITNESS.

[1. A seaman failing and refusing, when specially requested, to render himself on board pursuant to his contract, and only attempting to do so when the ship is in the act of casting off, thereby forfeits his wages for the voyage. He does not, however, forfeit his trunk and contents; and, the same having been left on board, and part of the contents lost or purloined, the ship is liable for the value thereof.]

[2. The seaman is a competent witness ex necessitate rei to prove the contents of the trunk when delivered on board.]

[This was a libel by Charles Smith against the ship Utica for wages, and to recover the value of property alleged to have been lost or stolen while in custody of the ship.]

BETTS, District Judge. This cause having been heard upon the pleadings and proofs, and the premises being considered, and it appearing to the court that the preponderance of evidence is that the libellant did not render himself on board the ship pursuant to his agreement, but neglected and refused, when specially required so to do, and only attempted to go on board when the ship was in the act of casting off and getting under way, although he well knew she had been, and then was, detained and waiting for her crew to come on board, it is therefore considered by the court that the libellant has thereby forfeited and lost all right to wages under the shipping articles and his said contract, during the voyage of the said vessel. And it appearing to the court that the libellant put his chest or trunk on board the said vessel at the time of the contract, containing wearing apparel and other articles of value, and that the same has not been returned in full to him, but that portions of the contents thereof have been purloined or lost on board the said vessel; and it being considered by the court that the libellant has not forfeited the said property, and that the said ship is liable to him in this action for the value thereof; and it being further considered by the court that the libellant is a competent witness ex necessitate rei to prove the contents of the said chest or trunk at the time it was delivered, and left on board the said ship,—it is therefore ordered and adjudged that the libellant recover in this case the value of the articles left by him on board said ship, and not redelivered and restored to him on her return to this port, and that it be referred to the clerk to ascertain and compute such value, and that on such reference the testimony taken and used on the hearing of the cause, and such other testimony as either party may offer and produce, that is pertinent and admissible, be received by the clerk. And it is further ordered that the question of costs be reserved until the coming in of the clerk's report.

SMITH (VASSE v.). See Case No. 16,896.

SMITH (VIRGINIA v.). See Cases Nos. 16,-965–16,967.

## Case No. 13,123a.

### SMITH v. WALKER et al.

[Hempst. 289.] [1]

Superior Court, Territory of Arkansas. July, 1835.

APPEAL—BOND—FORM—CERTAINTY.

1. Appeal bond which does not set out the nature of the action, nor the court to which the appeal is prayed, is informal, but not void, and should not be adjudged invalid.

2. It is sufficiently certain to prevent a second recovery against either principal or security.

Appeal from Hempstead circuit court.

[This was an action on a bond, by Hiram Smith against Alexander S. Walker and James Gibson.]

Before JOHNSON and YELL, JJ.

OPINION OF THE COURT. This was an appeal from the Hempstead circuit court, and was submitted to the court upon a re-argued case, as to whether the bond upon which this suit is instituted was void or not. The first part of the bond is in the usual form, binding themselves to the plaintiff Smith in the penal sum of one hundred and twenty dollars, and then follows the conditions, namely: "That whereas the said A. S. Walker has this day prayed an appeal, wherein Hiram Smith is plaintiff, and the said Walker is defendant, now if the said A. S. Walker," etc. This bond neither sets out the nature of the action, nor the court to which the appeal is prayed, and is certainly informal. There is enough, however, in the bond to authorize a court to enter a judgment. It is sufficiently certain to prevent a second recovery against either the principal, or Gibson the security, and the object of the bond being clearly legal, and nothing appearing on the face of it to show it to be void, it is to be taken as valid. Chit. Cont. p. 73. This court is of opinion there was error in the court below, in sustaining the demurrer on account of the supposed invalidity of the bond. Judgment reversed.

[1] [Reported by Samuel H. Hempstead, Esq.]